# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>NERIO GOMEZ,<br><br>          Defendant. | Case No.: 3:14-CR-3000-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

  On June 11, 2020, Defendant Nerio Gomez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition to Defendant's motion, and Defendant filed two supplemental memoranda. For the reasons given herein, the Court denies Defendant's motion.

## I.
## BACKGROUND

  On November 21, 2014, Defendant Gomez pled guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 28). Defendant was sentenced to ten years and ten months in prison and five years of supervised release. (ECF No. 44). Defendant's projected release date is in February of 2024. (ECF No. 46 at 2).

Defendant is forty-five years old and suffers from Chronic Polyneuropathy and poliomyelitis. (*Id.* at 2, 3). Defendant's health conditions require him to receive significant assistance with everyday tasks, like brushing his teeth, going up and down stairs, and using the bathroom. (*Id.* at 5, 6). This places Defendant in constant contact with others. (*Id.* at 6). Defendant alleges that although everyone in the facility in which he is housed must wear a mask, no one who helps him is provided with gloves. (*Id.* at 6). Defendant has also been diagnosed with Hepatitis C, which puts him at a heightened risk of serious injury or death if he were to contract COVID-19. (*Id.* at 7).

On July 24, Defendant's counsel received information indicating Defendant was going to be transferred from FCI Safford, where he is currently housed, to a new facility. (ECF No. 50 at 1). Defendant alleges that the transfer places him at significant risk of contracting COVID-19. (*Id.* at 1–2). As of July 29, 2020, one staff member at Safford prison has tested positive for COVID-19 and no inmates have tested positive. (ECF No. 51 at 1; ECF No. 49 at 8).

Based on these allegations, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 46). Defendant seeks the modification of his sentence to time served, or alternatively, to supervised release with home confinement. (*Id.* at 1). The United States opposes Defendant's motion. (ECF No. 49).

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted his request for compassionate release to the warden on April 11, 2020. (ECF No. 46 at 9). On April 30, 2020, the warden denied Defendant's request. (*Id.* at 9). Because the warden has denied Defendant's request, the Court may address the motion on its merits.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]" *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13. Defendant contends he meets the foregoing criteria. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. Extraordinary and Compelling Reasons

Defendant argues he is eligible for compassionate release because his underlying health conditions make him particularly vulnerable to COVID-19. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not

expected to recover." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).  Defendant has Hepatitis C—a condition the CDC has declared will increase the risk of serious illness from COVID-19. Defendant also suffers from Chronic Polyneuropathy and poliomyelitis.

The United States does not dispute that Defendant's medical conditions, combined with the outbreak of COVID-19, constitute "extraordinary and compelling circumstances." (ECF No. 49 at 5-6).  Notwithstanding these circumstances, the United States contends Defendant is not entitled to compassionate release because he has neither demonstrated that he is not a danger to others or the community nor that the § 3553 factors weigh in favor of release, given his underlying criminal conduct and extensive criminal history.  (ECF No. 49 at 6).  The Court agrees.

2. <u>Danger to Others or the Community</u>

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1.  To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose.  These factors are addressed in turn and overlap with the § 3553(a) factors.

In this case, Defendant was convicted of possession of methamphetamine with intent to distribute, a non-violent offense.  The United States contends Defendant poses a danger to the community, despite his medical conditions, because of his conduct in the underlying case and his prior criminal history.  (ECF No. 49 at 7).  Defendant was arrested after police conducted a lawful search of his vehicle and found 445.2 grams actual of methamphetamine, a digital scale, and a loaded handgun with an obliterated serial number. (Pre-Sentence Report ("PSR") ¶ 5).  Defendant acknowledges that possession of the gun

in his car is an aggravating factor. (ECF No. 46 at 26). Nevertheless, he contends that it was not dangerous because he was physically unable to pick up or hold the gun. (*Id.*).

Defendant further states that substance abuse issues played a large part in his actions, and notes that he has completed multiple drug treatment programs, in addition to courses in anger management and relationship skills. (ECF No. 46 at 25-26). Although Defendant needs assistance to accomplish certain tasks, he has been employed in laundry, sewing, and janitorial work while in prison. (ECF No. 46 at 4-5). Defendant asserts that he is physically unable to be a danger to the community as a result of his medical conditions. (ECF No. 46 at 26).

However, Defendant has an extensive criminal history, with his criminal history points far exceeding the required threshold for the maximum Criminal History Category of VI. (PSR ¶¶ 53-55, 140). Defendant has numerous prior convictions from 1996 to 2014, including for drug crimes, burglary, and driving offenses, such as multiple instances of driving on a suspended license and under the influence of drugs. (PSR ¶¶ 36-52). One conviction involved a high-speed chase during which Defendant struck a civilian and a police officer with his vehicle. (ECF No. 49 at 7; PSR ¶ 48). The Government contends that Defendant's actions underlying the present conviction, as well as his criminal history, "make clear that he is able to and consistently does wreak havoc in the community despite his condition." (ECF No. 49 at 7).

The Court agrees. Defendant's demonstrated criminal history spans nearly twenty years, and his possession of a firearm is an aggravating factor in this offense. Although Defendant's progress in custody is commendable, on balance, he has failed to show he would not present a danger to others or the community if released.

3. § 3553(a) Factors

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide

just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D).  The court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).

Defendant's offense is serious, particularly in light of his extensive criminal history. He was subject to a ten-year mandatory minimum in this case and was sentenced to 130 months, which reflects the seriousness of the offense, the need to deter Defendant and others, and the need to protect society.  All of these factors are relevant here and served by the sentence imposed.

Defendant contends the six years he has already served in prison have been more punitive due to his disability, and that this time has been sufficient to deter him from future criminal activity.  (ECF No. 46 at 32, 33).  Nevertheless, Defendant has nearly four years remaining on his sentence, which is significant and warranted under § 3553(a).

In support of his argument for release, Defendant cites his difficult childhood circumstances and substance abuse as reasons for his past criminal conduct, and points out that he has taken steps while in prison to address these issues.  (ECF No. 46 at 28-29). Defendant has made progress toward rehabilitation, including completing classes, earning certificates, and employment, although on two occasions, Defendant was disciplined for using medication that was not prescribed to him.  (ECF No. 46 at 33, 33-34).  Defendant further asserts that a modification of his sentence to home confinement or time served will allow him to obtain his GED, which he has not been able to do in prison.  (ECF No. 46 at 34).  The Court credits Defendant's progress, but must weigh it against his prior criminal conduct and the danger to the community as discussed above.

Although the Court is sympathetic to the risks Defendant faces in light of COVID-19, Defendant is receiving medical care in prison, thus serving the important interests of § 3553(a)(2)(D). Indeed, as of July 24, 2020, Defendant is scheduled to be transferred to another facility due to his higher care level. (ECF No. 50 at 1). Under § 3553(a), Defendant's 130-month sentence is not greater than necessary to address the overarching goals of punishment, deterrence, protection of society, and rehabilitation. These factors weigh against releasing Defendant at this time.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

Dated:  August 20, 2020

Hon. Dana M. Sabraw
United States District Judge