UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>NERIO GOMEZ,<br><br>                                    Defendant. | Case No.: 3:14-CR-3000-DMS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Pending before the Court is Defendant Nerio Gomez's motion for reconsideration of the Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The United States filed a response in opposition, and Defendant filed a reply. For the following reasons, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On November 21, 2014, Defendant Gomez pled guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 28.) Defendant was sentenced to ten years and ten months in prison and five years of supervised release. (ECF No. 44.) Defendant's projected release date is in February of 2024. (ECF No. 46 at 2.) On June 11, 2020, Defendant filed a motion for

compassionate release (ECF No. 46.)  The Court denied the motion on August 20, 2020. (ECF No. 52.)

Defendant is forty-five years old and suffers from numerous health conditions, as set forth in the Court's previous order. (*See id.*)  Since filing his previous motion, Defendant has been transferred to Federal Correctional Institution La Tuna.  (ECF No. 53 at 1–2.) Defendant now moves for reconsideration of the Court's denial of compassionate release, seeking the modification of his sentence to time served with a period of home confinement. (ECF No. 53.)

## II.
## DISCUSSION

"No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (quotations omitted).  Courts typically evaluate these motions under the standards applied to civil motions for reconsideration.  *See United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007).  Under those standards, reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Defendant argues the Court should consider the new circumstances of Defendant's incarceration at FCI La Tuna and the possibility that Defendant may be reinfected with COVID-19.  Since the filing of his previous motion, Defendant was transferred to the La Tuna facility, where he contracted COVID-19. (ECF No. 53 at 2–3.) Defendant further contends the Court failed to properly analyze whether Defendant poses

a present danger to the community if released, instead focusing on Defendant's offense and prior conduct in denying his motion for compassionate release.[1]

The Court need not reach the issue of new evidence pertaining to the "extraordinary and compelling reasons" prong of the compassionate release analysis.[2] As the Court previously found, even assuming extraordinary and compelling reasons exist, a sentence reduction is not warranted here under the factors set forth in 18 U.S.C. § 3553(a).

As discussed in the Court's previous order, in determining whether to grant compassionate release, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D). The court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted

---

[1] Defendant further argues U.S.S.G. § 1B1.13's dangerousness requirement applies only to motions for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(ii) and not to motions for compassionate release under § 3582(c)(1)(A)(i) such as the present motion. (ECF No. 61 at 2 n.1.) Even if Defendant were correct, the § 3553(a) factors encompass dangerousness by requiring the Court to consider the need to protect the public, as Defendant acknowledges.

[2] As laid out in the Court's prior order, the First Step Act allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community." *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).

On balance, the § 3553(a) factors continue to weigh against release. With respect to the need to protect the public, Defendant argues he no longer poses a danger to the community because he is forty-five years old, he is now physically unable to repeat many of his prior acts, and he has had no violent conduct during his time in prison. The Court takes note of these facts, but even if Defendant does not presently pose a danger under § 3553(a)(2)(C), the Court must consider Defendant's "history and characteristics" under § 3553(a)(1). Here, Defendant's extensive criminal history—spanning nearly twenty years and placing him in Criminal History Category VI—strongly disfavors a sentence reduction. The Court further acknowledges Defendant's release plan for home confinement, as well as his completion of numerous classes in prison. However, as stated previously, Defendant's offense of conviction—drug trafficking with a firearm present—is serious, particularly in light of his criminal history. He was subject to a ten-year mandatory minimum in this case and was sentenced to 130 months. Defendant's sentence adequately reflects the seriousness of the offense, promotes respect for law, and provides just punishment for the offense.

After consideration, the Court once again finds that under § 3553(a), Defendant's 130-month sentence is not greater than necessary to address the overarching goals of punishment, deterrence, protection of society, and rehabilitation. These factors weigh against releasing Defendant at this time.

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for reconsideration is denied.

**IT IS SO ORDERED.**

///

///

///

1 | Dated: February 2, 2021

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court